UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 21, 2015

LETTER TO COUNSEL

RE: *Yvon Copes v. Commissioner, Social Security Administration*;
Civil No. SAG-14-3010

Dear Counsel:

On September 23, 2014, Plaintiff Yvon Copes petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment, and I have also considered Ms. Copes's motion to add new and material exhibits to the record and the Commissioner's opposition thereto. [ECF Nos. 22, 23, 24, 25]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both parties' motions for summary judgment [ECF Nos. 22, 25], and remand the case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 205(g). In light of the remand, I will also deny Ms. Copes's motion to add new and material exhibits to the record before this Court, [ECF No. 23], since those additional materials can be added to the record on remand, if appropriate. This letter explains my rationale.

Ms. Copes filed her claims for benefits in April, 2011, alleging a disability onset date of November 24, 2010. (Tr. 209-22). Her claims were denied initially and on reconsideration. (Tr. 148-55, 161-64). A hearing was held on April 5, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 48-87). Following the hearing, the ALJ determined that Ms. Copes was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 18-47). The Appeals Council denied Ms. Copes's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Copes suffered from the severe impairments of diabetes mellitus, essential hypertension, obesity, affective disorder, and an anxiety disorder. (Tr. 26). Despite these impairments, the ALJ determined that Ms. Copes retained the residual functional capacity ("RFC") to:

> perform light work, as defined in 20 CFR 416.967(b), with the following additional limitations: the ability to push-pull is limited to the light level; no climbing of ladders/ropes/scaffolds; no more than occasional climbing of

> ramps/stairs, balancing, stooping, crouching, kneeling, or crawling; no more than frequent non-dominant (left) side handling, fingering, or feeling; no exposure to hazards (such as moving machinery and unprotected heights); work is limited to simple, routine, repetitive tasks, in a low-stress job (defined as having no more than occasional decision-making required, and no more than occasional changes in the work setting), with no production rate or paced word [sic] (such as would be done on an assembly line); with no interaction with the public; with no more than occasional interaction with co-workers, and such interaction is limited to superficial interaction (such as a brief greeting or exchange of information) and/or interaction that is incidental to the work being performed.

(Tr. 29-30). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Copes could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 36-38).

On appeal, Ms. Copes raised at least eight separate arguments: (1) that the ALJ did not address all of her impairments at step two; (2) that the ALJ did not adequately address Listings 12.04 and 12.06; (3) that the ALJ erred in making an adverse credibility assessment; (4) that she should be awarded benefits as of her fifty-fifth birthday as a result of the operation of the Medical-Vocational Guidelines; (5) that the ALJ assigned inadequate weight to the opinions of her treating physicians; (6) that the ALJ presented a faulty hypothetical to the VE; (7) that the ALJ failed to consider her disability award from her federal employment; and (8) that the case should be remanded for the ALJ to consider new and material medical evidence. Although not all of the arguments have merit, remand is warranted to allow adequate explanation regarding whether or not Ms. Copes fulfills the criteria of the mental health Listings. In so holding, I express no opinion as to whether the ALJ's ultimate determination that Ms. Copes was not entitled to benefits was correct or incorrect.

The ALJ erred in applying the special technique required to ascertain whether a claimant's mental impairments fulfill the criteria of the mental health Listings. While the ALJ addressed Listings 12.04 and 12.06, the "analysis" consisted merely of a recitation of the criteria and an assertion that the criteria were not met. (Tr. 28). The ALJ is then supposed to evaluate Ms. Copes's degree of limitation in several functional areas, and provide evidence to support each conclusion. *See* 20 C.F.R § 404.1520a. The ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Yvon Copes v. Commissioner, Social Security Administration*
Civil No. SAG-14-3010
December 21, 2015
Page 3

20 C.F.R § 404.1520a(e)(4).  Instead, in Ms. Copes's case, the ALJ conclusorily asserted that Ms. Copes suffered "mild restriction in activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace, and one or two episodes of decompensation, each of extended duration." (Tr. 29).  In the absence of any explanation as to how the ALJ reached those conclusions, I am unable to review the opinion to determine whether the ALJ's decision is supported by substantial evidence.

Turning to Ms. Copes's other arguments, there is no basis for remand on the grounds of Ms. Copes's age.  Pl. Mot. 13.  She did not turn fifty-five (55) until September 6, 2015, and the ALJ's opinion in this case is dated more than two years earlier, on May 7, 2013.  This Court is charged with reviewing that opinion, not with considering the merits of the case as of the present date.  In 2013, Ms. Copes was not even in a "borderline age range," since she was still more than two years from entering the next age category.  *See* 20 C.F.R. § 404.1563(b) (requiring additional analysis where a claimant is "within a few days to a few months of reaching an older age category.").

Ms. Copes also contends that the ALJ erred at step two by failing to address her cervical radiculopathy and heart arrhythmias.  Pl. Mot. 7-8.  It may be that those failures constitute harmless error, particularly as to the heart condition, which was otherwise addressed during the RFC assessment. (Tr. 32).  However, because the case is being remanded on other grounds, the ALJ should expressly consider each of Ms. Copes's diagnosed impairments at step two.  I further note that the ALJ considered some other impairments in terms of "listings" but not as to severity at step two.  (Tr. 27) (discussing "Back pain, Knee Pain, Morbid Obesity, Daytime Somnolence, Drug Addiction Disorder, and Post-Traumatic Stress Disorder").  On remand, the ALJ should conduct a severity assessment at step two for each diagnosed impairment.

Ms. Copes contends that the opinion of her treating physician, Dr. Dillman, was not assigned adequate weight. Pl. Mot. 8-9.  Ms. Copes correctly notes that one of the reasons the ALJ cited for assigning less than controlling weight to Dr. Dillman's opinion is inaccurate. *Compare* Tr. 34 ("it is interesting to note that the doctor indicates that he last saw the claimant in December 2010") *with* Tr. 1035 (record indicating visit in April, 2011); Tr. 1007 (record showing visit in May 2012); Tr. 1005 (record showing visit in October 2012).  In light of the remand on other grounds and the erroneous statement by the ALJ, an express assignment of weight to Dr. Dillman's opinion should be revisited on remand.

Ms. Copes's remaining arguments can also be best addressed on remand.  For example, if counsel believes that Ms. Copes's approval for federal disability retirement is relevant, counsel should ensure that the determination is part of the record presented to the ALJ on remand. Similarly, the adequacy of the hypothetical presented to the VE and the ALJ's analysis of Ms. Copes's credibility are likely to change on remand in light of the issues addressed above, and further consideration of those arguments here will not be productive.

*Yvon Copes v. Commissioner, Social Security Administration*
Civil No. SAG-14-3010
December 21, 2015
Page 4

     For the reasons set forth herein, Ms. Copes's Motion for Summary Judgment [ECF No. 22] is DENIED, Ms. Copes's Motion to Add New and Material Evidence to the Record [ECF No. 23] is DENIED, and Defendant's Motion for Summary Judgment [ECF No. 25] is also DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The Clerk is directed to CLOSE this case.

     Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                 Sincerely yours,

                                   /s/

                                 Stephanie A. Gallagher
                                 United States Magistrate Judge